**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**SHIRLEY BROOKS**                                                                          **PLAINTIFF**

**V.**                                   **CASE NO. 1:14CV00101-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Shirley Brooks appeals the final decision of the Commissioner of the

Social Security Administration denying her claims for disability insurance benefits.  Both

parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's

decision is supported by substantial evidence on the record as a whole and free of legal

error.  *Papesh v. Colvin*, __ F.3d __, 2015 WL 3396586, at *4 (8th Cir. 2015); see also 42

U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389,

401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).  In assessing the

substantiality of the evidence, the Court has considered evidence that detracts from the

Commissioner's decision as well as evidence that supports it.

On October 28, 2011, Ms. Brooks protectively filed for DIB benefits due to

diabetes, neuropathy, colon problems, high blood pressure, right ankle problems, and

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket #4)

arthritis.  (Tr. 170)  Ms. Brooks's claims were denied initially and upon reconsideration.
At Ms. Brooks's request, an Administrative Law Judge[2] ("ALJ") held a hearing on April
18, 2013, where Ms. Brooks appeared with her lawyer.  At the hearing, the ALJ heard
testimony from Ms. Brooks and a vocational expert.  (Tr. 53-77)

The ALJ issued a decision on August 28, 2013, finding that Ms. Brooks was not
disabled under the Act.  (Tr. 41-48)  On July 29, 2014, the Appeals Council denied Ms.
Brooks's request for review, making the ALJ's decision the Commissioner's final
decision.  (Tr. 1-4)

Ms. Brooks who was almost fifty-eight years old at the time of the hearing, had a
tenth grade education, and past relevant work as a triple coat operator.  (Tr. 57)

The ALJ followed the familiar five-step evaluation process in determining that Ms.
Brooks was not disabled.[3]   He found Ms. Brooks had not engaged in substantial gainful
activity since her alleged onset date of January 1, 2011, and had the following severe
impairments: surgically repaired right ankle fracture, diabetes mellitus, and hypertension.
(Tr. 43)  However, the ALJ found that Ms. Brooks did not have an impairment or

---

[2] The Honorable David L. Knowles.

[3] Was the claimant engaged in substantial gainful activity?  If not, did she have a
severe impairment?  If so, did the impairment (or combination of impairments) meet or
equal a listed impairment?  If not, did the impairment (or combination of impairments)
prevent the claimant from performing her past relevant work?  If so, did the impairment
(or combination of impairments) prevent the claimant from performing any other jobs
available in significant numbers in the national economy?  20 C.F.R. § 404.1520(a)-(g).

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[4]  (Tr. 44)

According to the ALJ, Ms. Brooks had the residual functional capacity ("RFC") to do light work.  (Tr. 46)  The vocational expert testified that Ms. Brooks's past relevant work as a triple coat operator was a light work job.  (Tr. 76)  Accordingly, the ALJ determined that Ms. Brooks could perform her past relevant work and was not disabled.

**Ms. Brooks's Arguments for Reversal**

Ms. Brooks asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, Ms. Brooks contends the ALJ: (1) failed to consider her mental impairments; and (2) conducted a flawed credibility analysis.  (Docket entry #11)

**Mental Impairments**

Ms. Brooks argues that the ALJ erroneously disregarded her mental impairments when determining her RFC, and that she should be limited to unskilled work.  This claim is without merit.

As the ALJ pointed out, Ms. Brooks did not claim disability due to anxiety on her application for benefits.  (Tr. 84, 170)  Further, she did not testify that her anxiety limited her ability to work.  (Tr. 61-67, 70-71)  The ALJ properly considered Ms. Brooks's failure to allege a mental impairment in assessing her RFC.  *Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011).

---

[4]20 C.F.R. §§ 404-1520(d), 404.1525, and 404.1526.

Further, the medical records support the ALJ's determination that Ms. Brooks was not limited to unskilled work.  Ms. Brooks's mental health history started in June, 2011, when a nurse practitioner prescribed Ativan for anxiety.  (Tr. 398)  In January, 2012, Ms. Brooks reported to her primary care physician that she uses her Lorazepam sparingly and makes 30 tablets last 2 months.  (Tr. 406-407)  Similarly, she reported to consulting physician, Samuel B. Hester, Ph.D., that she seldom needed or took medications for anxiety.  (Tr. 451)  Bearing out her reports, Ms. Brooks did not list any anxiety medications on her January, 2013 medication list.  (Tr. 238)

Dr. Hester did not note any significant functional difficulties.  (Tr. 446-53)  At the time of the hearing, Ms. Brooks was working part-time as a cashier.  (Tr. 60-61)  Accordingly, the ALJ appropriately found that the alleged mental impairments were non-severe and non-limiting, and properly assessed her RFC.  *Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004) (finding that an ALJ is required to include non-severe impairments in the RFC only when there is evidence of limitations caused by the non-severe impairments.).

**Credibility**

Ms. Brooks asserts that the ALJ failed to consider her history of an ankle pain, which she claimed limited her ability to walk, and her previous colon surgery, which required unscheduled bathroom breaks.  There is substantial evidence in the record to support the ALJ's credibility determination.

In April 2011 after ankle surgery, Ms. Brooks reported that she was "back to doing a lot of her normal activities" and she "only wears her ankle brace when she is outside doing vigorous activity." (Tr. 331)  There were no complaints other than occasional pain and swelling when the weather changed.  (Tr. 331)  Additionally, other than an issue with flesh around the surgical incision in June 2011, there is no medical evidence supporting a claim that the ankle injury is limiting.  (Tr. 395)  In fact, Plaintiff testified that she was working eight-hour shifts as a part-time cashier and could stand for four hours before needing a break.  (Tr. 60-63)  Though Ms. Brooks was working only part-time, "[w]orking generally demonstrates an ability to perform a substantial gainful activity." *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005).

In January 2012, Ms. Brooks's treating physician suggested that her smoking habit "amplifies the perceptions of chronic pain in her ankles" and advised her to quit smoking. (Tr. 407)  "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996)  Finally, Ms. Brooks testified that she stopped her previous employment because she was fired after her FMLA was exhausted, not because she was unable to work because of ankle pain.

Regarding her colon impairment, Ms. Brooks asserts that she requires numerous bathroom breaks which render her unable to work.  Importantly, Ms. Brooks's colon surgery was in 2004, and she continued to work at her same job until she was fired in

2011.  "[A] condition that was not disabling during working years and has not worsened cannot be used to prove present disability."  *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994).  Additionally, she testified that she uses the bathroom only every two hours, and the typical emergency happens only when she is eating.  (Tr. 74)  In light of these facts, the ALJ correctly concluded that the colon impairment was not disabling.

**Conclusion**

There is substantial evidence to support the Commissioner's decision that Shirley Brooks was not disabled within the meaning of the Social Security Act during the relevant time period.  Therefore, the decision of the Commissioner must be, and hereby is, affirmed.  The case is dismissed, with prejudice, and the oral argument hearing scheduled for August 20, 2015, is canceled.

DATED this 1st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE